UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KY SIMERE STRATTON,<br><br>Defendant. | Case No. 2:25-CR-00222-DAD<br><br>ORDER DENYING GOVERNMENT'S MOTIONS TO STAY AND REVOKE PRETRIAL RELEASE ORDER<br><br>(Doc. Nos. 12) |

Defendant Ky Simere Stratton was charged by way of criminal complaint in this federal prosecution on September 9, 2025[1], and charged with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. No 1.) Defendant Stratton made his initial appearance before the court on September 18, 2025 for arraignment on the complaint at which time the government moved for his detention. (Doc. Nos. 6, 7.) Following the granting of the defense request for a continuance of that hearing to the next day, a detention hearing was held on September 19, 2025, before U.S. Magistrate Judge Jeremy Peterson. (Doc. Nos. 6, 9.) At the conclusion of the hearing Magistrate Judge Peterson ordered defendant Stratton's delayed release

---

[1] Defendant Stratton was arrested on July 4, 2025, by local law enforcement in connection with the alleged conduct that serves as the basis for the pending charge in this court. It appears to be undisputed that defendant Stratton was charged in the Sacramento County Superior Court, released from custody on his own recognizance, and made his scheduled appearances in state court before his arrest on the pending federal charge.

1   at 9:00 a.m. the morning following his father's posting of a secured property bond in the amount
2   of $150,000 with numerous special conditions of release in addition to the standard conditions.
3   (Doc. Nos. 9, 10, 11.)  In particular, the special conditions included a home detention restriction
4   with the possibility of modification of that condition to allow for employment after 60 days of
5   pretrial supervision.  (Doc. No. 11 at 2.)

6   On September 23, 2025, the government filed the pending motion seeking a stay of the
7   magistrate judge's release order and for reconsideration of that order.[2]  (Doc. No. 12.)   On
8   September 24, 2025, defense counsel filed an opposition to that motion.  (Doc. No. 14.)  On
9   September 26, 2025, the government filed another motion for a stay of the release order, this time
10  before Magistrate Judge Chi Soo Kim.  (Doc. No. 15.)  That motion was denied by Magistrate
11  Judge Kim on September 26, 2025, with the acknowledgement that the government's first motion
12  for stay and reconsideration remained pending and would be addressed by the undersigned.
13  (Doc. No. 17.)  Meanwhile, on September 25, 2025, the secured property bond was posted by
14  defendant's father.  (Doc. No. 16.)  On September 26, 2025, Magistrate Judge Kim issued an
15  order for defendant's release.  (Doc. No. 18.)  Defendant Stratton was not released until Monday,
16  September 29, 2025, apparently late in the day.  The undersigned has consulted with a Pretrial
17  Services supervising officer and been advised that, as of last evening, defendant Stratton is in
18  compliance with all of the conditions of his pretrial release.

19  The government's motion for reconsideration (or revocation) of the magistrate judge's
20  release order is properly before the undersigned.  *See* 18 U.S.C. § 3145(a)(1).  In reviewing a
21  magistrate judge's release order, the district judge is to apply a *de novo* standard of review.
22  *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990); *United States v. Keeton*, 457
23  F.Supp.3d 855, 858 (E.D. Cal. 2020); *see also United States v. Cook*, 87 F.4th 920, 924 (8th Cir
24  2023) ("Reviewing without deference does 'not require[ ] [the district court] to start over in every

---

[2] Unfortunately, the undersigned was out of state at the time of the filing of the government's motion. Although government counsel was informed that if immediate relief was being sought by the government, the matter would have to be brought to the attention of another district judge, there was some apparent confusion on the part of the Clerk's Office as to what government counsel was seeking in that regard.  As a result, the government's pending motion was not brought to the attention of another district judge during the week it was filed.

1    case, and proceed as if the magistrate's decision and findings d[o] not exist.' *United States v.*
2    *Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990).  If the district court agrees fully with the
3    magistrate's order and reasons, it may adopt the order.")  Here, both the government and the
4    defense have agreed that no further hearing is needed in connection with the pending motions and
5    that the court may rule based upon the briefing submitted.

6          The court has carefully reviewed the briefing of the parties, the Pretrial Service's Report
7    and recommendation of detention and has listened to the recording of the September 19, 2025
8    detention hearing conducted in this case.  Having conducted a *de novo* review of the magistrate
9    judge's release order, the undersigned adopts that order and will deny the government's motions
10   for reconsideration and a stay of release.

11         As the magistrate judge noted at the detention hearing, in light of the charge brought in
12   this case against defendant there is no statutory presumption that no combination of conditions of
13   release will reasonably assure the appearance of the defendant or the safety of the community
14   were he to be released.  The government therefore bears the burden of both proof and persuasion
15   in arguing for the defendant's detention.  The court agrees with the magistrate judge's
16   determination that the government has not met that burden here.  To be sure, as fully recognized
17   by the magistrate judge at the detention hearing, the concerns expressed by the government are
18   legitimate.  The magistrate judge, however, carefully considered those legitimate concerns and
19   concluded that they could be adequately addressed by strict special conditions of release in
20   addition to the posting of a secured property bond in the amount of $150,000.  (Doc. No. 11.)
21   Indeed, nineteen special conditions of release were imposed upon defendant Stratton, including a
22   full home detention condition (to be subject to review in 60 days) along with GPS device
23   monitoring.  (*Id.* at 2.)

24         It is clear to the undersigned that in light of the nature of the pending charge, the
25   defendant's criminal history (even as clarified by the defense at the detention hearing), and the
26   other evidence presented to Pretrial Services and the court, that the magistrate judge viewed this
27   as a close case for release.  The undersigned agrees with that assessment.  Nonetheless, for the
28   reasons advanced by the defense and those stated by the magistrate judge, the undersigned is

persuaded that release under the very strict conditions imposed is appropriate and adequate. However, defendant Stratton should fully understand that he will be closely supervised by the Pretrial Services officers of this court. As the magistrate judge advised him, any failure on his part to fully abide by the conditions of his release would subject him to the possible revocation of the release order and detention pending further proceedings in this case.

For the reasons explained above, the government's motion for reconsideration (or revocation) of the magistrate judge's release order (Doc. No. 12) is denied. In light of the denial of the motion for reconsideration or revocation of the release order, the government's motion for a stay of the release order is also denied.

IT IS SO ORDERED.

Dated: __October 2, 2025__

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4